UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD PATTERSON,

Plaintiff,

v.

C. ALAPISCO, et al.,

Defendants.

Case No. 19-cv-00147-JSC

**ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND**

Re: Dkt. No. 14

## INTRODUCTION

Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. §
1983. He claims that Defendants, two correctional officers at the California Training Facility
("CTF"), targeted him and other black inmates for cell searches, and retaliated against him for
requesting to speak to a supervisor.

The Court reviewed the complaint pursuant to 28 U.S.C. § 1915A(a) and found that it,
when liberally construed, states a claim upon which relief could be granted for the violation of
Plaintiff's rights under the Equal Protection Clause and the First Amendment. Defendants have
filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff
filed an opposition, and Defendants filed a reply brief.[1] For the reasons discussed below, the
motion is GRANTED, and the Complaint is DISMISSED WITH LEAVE TO AMEND.

## BACKGROUND

Plaintiff alleges that Defendants were "harassing" black inmates on his wing of the prison
by "targeting their cells" and "only opening our doors" for a search when Defendants smelled
marijuana smoke. (ECF No. 1 at 3, 7.) On May 9, 2018, Defendants approached his cell for

---

[1] All parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636. (ECF
Nos. 4, 10-12.)

search, and Plaintiff said, "For what?" and asked to speak to a supervisor. (*Id.* at 3, 5, 7.) Defendant Alapisco denied his request and stated that he smelled marijuana smoke. (*Id.* at 7.) Plaintiff then said, "So what, what's that got to do with me, let me speak to a Sergeant." (*Id.*) Alapisco got angry, said, "I'm going to fuck your cell up," and asked him to step out of the cell. (*Id.* at 3, 7.) Defendants then searched Plaintiff's person and his cell and found no contraband. (*Id.*) When Plaintiff later returned to his cell, some of his property was missing and some broken. (*Id.* at 7.) Plaintiff was required to undergo a urinalysis, which he refused. (*Id.* at 7, 19.) A disciplinary report was filed against him for his refusal, but he successfully appealed the discipline. (*Id.* at 3, 7, 14-15.) Plaintiff claims that Defendants conducted the search, required a urinalysis, and filed the disciplinary report in retaliation for his asking to speak to a supervisor. (*Id.* at 3, 7.)

**DISCUSSION**

A.      Standard of Review

Failure to state a claim is a ground for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Symington*, 51 F.3d at 1484.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B. <u>Equal Protection Claim</u>

Plaintiff claims that when Defendants smelled marijuana smoke, they searched the cells of him and other black inmates. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).

United States District Court
Northern District of California

Plaintiff does not allege any facts that would, if proven true, establish that Defendants intentionally treated him differently than similarly situated inmates because of his race. He does not allege, for example, facts showing that there were non-black inmates who were housed in the same prison wing as him and other black inmates when there was a marijuana odor, or were housed in a different part of the prison when marijuana smoke was detected, and yet were not subject to search. Absent such factual allegations, Plaintiff's allegation that Defendants were "targeting" him and other black inmates (ECF No. 1 at 3) is conclusory. His allegation that Defendants "only opened our doors" (*Id.* at 7) does not allege that the inmates whose cells were not searched --- and presumably who were not black --- were in the vicinity of a smell of marijuana smoke. As a result, Plaintiff's allegations do not include facts that plausibly establish that Defendants' actions were taken because of his race as opposed to because of the smell of marijuana smoke. Plaintiff has, therefore, not satisfied *Twombly*'s requirement to plead sufficient facts that, if true, would plausibly establish the violation of his Equal Protection rights. Plaintiff will be granted leave to amend his complaint to set forth such allegations, assuming he can do so in good faith.

C.    Retaliation Claim

Plaintiff claims that Defendants violated his First Amendment rights by searching his cell, ordering a urine test, and disciplining him for not taking the test in retaliation for him requesting to speak to a supervisor. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff's allegations fail to establish the third element of a retaliation claim, namely that Defendants took adverse action "because of" his speech.  Plaintiff claims that Defendants searched him and his cell because they smelled marijuana smoke or because of his race, not because he requested to speak to a supervisor.  Based upon Plaintiff's allegations, the search could not have been triggered by him asking to speak to a supervisor because he alleges that Defendants initiated the cell search before he made that request.  The complaint also does not plausibly allege that Defendants ordered the urine test because of Plaintiff's request to speak to a supervisor.  Indeed, Defendants did not order the urine test at all; it was ordered by a prison official who is not named as a defendant.[2]  (ECF No. 1 at 19.)  Even assuming that the disciplinary report could be considered an adverse action for purposes of a retaliation claim notwithstanding Plaintiff's successful appeal of the report, Plaintiff's allegations do not suggest that it was retaliatory.  The report itself states on its face that it was based upon Plaintiff's refusal to take the urine test, not his request to speak to a supervisor.  (*Id.* at 14.)  Defendant Alapisco's alleged anger at Plaintiff for not cooperating does not suggest otherwise because it was Nunez, not Alapisco, who wrote the report.  (*Id.*)  And the simple fact that the report followed Plaintiff's request for a supervisor also does not, without more, establish causation.  *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because of this").

Because the facts alleged in the Complaint and attachments, if true, do not support a plausible inference that Defendants took adverse actions because of Plaintiff's protected speech, Plaintiff does not state a cognizable First Amendment retaliation claim.  Plaintiff is given leave to amend to correct this deficiency, if he can do so in good faith.

---

[2] The order also states that it was based upon the smell of marijuana, not the request to speak to a supervisor.  (*Id.* at 19.)

5

**CONCLUSION**

For the foregoing reasons,

1.     Defendants' motion to dismiss is GRANTED, and the case is DISMISSED WITH LEAVE TO AMEND.

2.     Plaintiff shall file an amended complaint within **twenty-eight (28) days from the date this order is filed**.  The amended complaint **must** include the caption and civil case number used in this order (No. C 19-0147 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue.  <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case in its entirety.</u>

This Order disposes of Docket No. 14.

**IT IS SO ORDERED.**

Dated: February 13, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PATTERSON,<br><br>                    Plaintiff,<br><br>          v.<br><br>C. ALAPISCO, et al.,<br><br>                    Defendants. | Case No.  19-cv-00147-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 13, 2020, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald  Patterson ID: F24930
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960

Dated: February 13, 2020

Susan Y. Soong
Clerk, United States District Court

By: _____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

7